## SANBORN *v.* SANBORN.

Costs, ordered as a condition of a continuance, may be properly included, by order of court, in an execution issued for the costs of the action.

If the title of a plaintiff fails, and he does not discontinue his action at once, he is liable for the subsequent costs.

THIS was a writ of entry to foreclose a mortgage. At the last February term the action was continued, upon condition that the plaintiff should pay the costs of the term, and tax none. The costs were not paid. At the present term, it appearing that since the last term the plaintiff's title to the demanded premises had failed, by

Sanborn *v.* Sanborn.

reason of the payment of the mortgage debt in satisfaction of an execution issuing upon a judgment therefor, in Grafton county, the court directed judgment for the defendant for the costs of the February term, according to the order of the court at that term, and for the costs of the present term since the plaintiff's title wholly failed; to which direction the plaintiff excepted; and judgment having been rendered agreeably to said direction, the plaintiff filed this bill of exceptions, which was allowed by the court.

*Tenney & Mason,* for the plaintiff.

*Pike & Barnard,* for the defendant.

BELL, C. J. The court are of opinion that questions relating to the allowance of costs are not open to revision at the law terms, unless the question is referred to the law term by the presiding justice at the trial term. But, if the question were open, we think the decision of the court below was correct. Where the title of the plaintiff fails, and he does not discontinue his process at once, he is clearly liable for the subsequent costs. Being liable to an execution for such costs, we entertain no doubt that it was proper to add the costs ordered as the terms of a continuance at the previous term. They are costs to which he is by law entitled, and for which such process may be issued as the court may deem suitable, the court having the general power to mould their process as the equities of the cases before them may require.

The ordinary process at common law for neglecting to comply with any order of court, is an attachment for contempt. We are unable to see any good reason why an execution may not be issued upon an order of court for the payment of money, as well as upon a more formal judgment. The remedy by writ of execution is preferable for both parties, in point of expense and trouble.

*Exceptions overruled—Judgment affirmed.*